The MORRIS CANAL AND BANKING COMPANY v. GAMALIEL BARTLETT, DANIEL AYRES and HENRY McFARLAND.

When a motion is to be made to dissolve an injunction for want of equity in the bill, a general notice is sufficient. But when the party seeks to set aside an injunction as having been informally or improperly issued, either because the facts are not sworn to, or not sworn to before competent authority, or because the money has not been brought into court, or for any special matter not touching the equity of the case, the notice should set out the grounds of the motion.

The statute (*Rev. Laws*, 704, sec. 6) which directs that an injunction shall not issue to stay proceedings in a personal action after a verdict or a judgment, on the application of the defendant at law, unless the amount of the verdict or judgment be first paid into court, applies as well to an interpleading bill, where an injunction is prayed, as to other cases.

BILL of interpleader, and for an injunction, filed 13th October, 1833. The bill states, that on the 28th day of May, 1833, Gamaliel Bartlett, of the city of New-York, recovered a judgment in the supreme court of New-Jersey, against the complainants in this cause, for sixteen hundred and fourteen dollars and fifty-two cents, debt and costs, and caused a writ of fieri facias to

2

be issued thereon to the sheriff of the county of Sussex, against the real and personal estate of the complainants, returnable to November term, 1833. That Henry McFarland and Daniel Ayres, in or about the month of June, 1833, sued out of the inferior court of common pleas of the county of Bergen, a writ of attachment against the estate of the said Gamaliel Bartlett, as a non-resident debtor ; by virtue whereof, the sheriff of the county of Bergen attached the aforesaid judgment, and the money due thereon, in the hands of the complainants. That the said Gamaliel Bartlett is proceeding upon his execution against the complainants for the amount of the judgment recovered against them, and that the said Henry McFarland and Daniel Ayres are proceeding upon their attachment, and threaten that if the complainants pay the amount of the said judgment to the said Gamaliel Bartlett, they will compel the complainants to pay the same over to them, or to the auditors in attachment. That the amount of the said judgment and execution is claimed of the complainants by the sheriff of the county of Sussex, and also by the plaintiffs in attachment. That the complainants know not which of the said claimants is entitled to the money due on the said judgment; that they are ready and willing to pay the said sum of money to either of the said parties to whom it may of right belong, and they offer to bring the same, with the sheriff's fees of execution, into court, for the benefit of such of the parties as may be entitled thereto. The prayer of the bill is, that the parties may interplead, and that they may be restrained from proceeding at law against the complainants, in respect of the premises. The cause was heard upon motion to dissolve the injunction before answer.

*J. W. Miller* and *S. Scudder*, for defendants, in support of the motion.

*E. Vanarsdale,* contra.

Cases cited by defendants' counsel. *Rev. Laws,* 495 ; *Newl. Prac.* 218 ; *Rev. Laws,* 407 ; 2 *Paige,* 394, 541 ; *Newl. Prac.*

212 : 3 *Bro. C. C.* 36; 1 *Mad. Ch. Prac.* 174; *Cooper's Rep.* 56; 2 *Vesey,* 301; 2 *Ves. and B.* 407.

Cases cited by complainants' counsel. 2 *Cond. Ch. Rep.* 194; *Eden on Inj.* 335; *Equity Draftsman,* 205; 3 *Cond. Ch. Rep.* 596, 603; 4 *Ibid,* 95; 1 *Mad. Ch. Prac.* 173; 2 *Ves. and B.* 411; 2 *Vesey,* 107; 15 *Vesey,* 244.

THE CHANCELLOR. The complainants set out, that in the month of May, 1833, the defendant, Bartlett, recovered a judgment against them in the supreme court of New-Jersey, for sixteen hundred and fourteen dollars and fifty-two cents, and caused an execution to be issued thereon, and thereby levied on all their personal and real estate in the county of Sussex. That in June, 1833, Ayres and McFarland, creditors of Bartlett, issued out of the common pleas of Bergen, a writ of attachment against the goods and chattels, rights and credits, moneys and effects, of said Bartlett, for four thousand five hundred dollars; by which writ the sheriff of Bergen attached, in the hands of the complainants, the said judgment and sum of money so named as aforesaid.

The complainants state, that by reason of the opposing claims, they are unable to ascertain with certainty to which of the said parties they should pay the money; that they are ready to pay it to either; and pray that the defendants may be ordered to interplead, and that an injunction may issue. To this bill was subjoined the usual affidavit to an interpleading bill, but the facts stated in the bill are not sworn to be true.

It was moved that the injunction be dissolved : 1st, Because the facts charged were not properly verified; 2d, Because the money had not been paid into court before the injunction issued; 3d, Because there was no equity in the bill, or in the understanding of the court that the plaintiffs had not made a proper case for an interpleader.

I am unwilling to set aside the injunction on the first ground. The statute requires that no injunction shall be granted to stay

any proceedings at law, unless the chancellor be satisfied of the complainant's equity, either by affidavit certified at the foot or on the back of the bill that the allegations thereof are true, or by other means. The affidavit contemplated by the statute is wanting, but the chancellor who granted the injunction may have been satisfied of the truth of the allegations by other means. Copies of the records set out in the bill may have been exhibited to him, or such other matter may have been laid before him as to leave no doubt on his mind. And although it may be said that these documents or other matters should be produced here in answer to the motion and to sustain the injunction; yet as no notice has been given that such ground would be taken, I cannot undertake to say that the chancellor erred in this matter. If the defendants intended to take this ground, they should have stated it in the notice. When a motion is to be made to dissolve an injunction for want of equity in the bill, a general notice is sufficient; but when the party seeks to set aside an injunction as having been informally or improperly issued, either because the facts are not sworn to, or not sworn to before competent authority, or because the money has not been brought into court, or for any special matter not touching the general equity of the case, the notice should set out the grounds of the motion. Informalities might be supplied and costs and delay saved.

The second objection is fatal. The money ought to have been in court before the injunction was granted. The older authorities are pretty uniform, that upon a common interpleading bill, the money must be in court before an injunction can issue : *Paris* v. *Gilham and al., Coop. Eq. Rep.* 56 ; *Prac. Reg.* 39 ; *Dungey* v. *Angove,* 3 *Bro. C. C.* 36. Later cases hold a different doctrine, and to these may be added the case of *the Earl of Mount* v. *Patterson, Barnard. Ch. Rep.* 250 ; in which lord Hardwicke held it was not necessary that the plaintiff should bring the money into court, unless the other side should require it, but that it is necessary he should make an offer to do so by his bill.

But this is not the case of an ordinary interpleading bill. The party filing the bill is a defendant in a suit at law. A verdict

[Morris Canal and Banking Co. v. Bartlett et al.]

and judgment have passed against him, and upon this an execution has issued. He seeks now to stay proceedings. The statute is peremptory, that an injunction shall not issue to stay proceedings in a personal action, after a verdict or a judgment, on the application of the defendant at law, unless a sum of money equal to the amount of the judgment, be first paid into court. The plaintiffs have not complied with the requirements of the act, and in my opinion the injunction was irregularly granted and should not stand.

It was contended that the act has no reference to the case of an interpleading bill, in which the defendants at law do not question the claim of the plaintiffs at law, but only to cases where the injunction is sought to be dissolved on grounds affecting the merits of the claim—when the party seeks to interpose some equity to protect himself against the ultimate payment of the money. 1 am not aware that such construction has been given to the act by the practice of this court, nor do I see any sound reason for the distinction. On the contrary, there appears to be more propriety that the plaintiff in an interpleading bill, who acknowledges himself to be a mere stake-holder, and to have no interest in the money, should bring it into court, than that it should be paid in by a defendant, who, though a recovery has been had against him at law, comes here with an equity sufficiently strong to induce this court to interpose against the regular proceedings of another court for its recovery.

As to the third ground, it is not necessary that I should express any decided opinion. I will merely say, that a pretty extensive investigation has not satisfied me that this is not a proper case for a bill of interpleader.

Let the injunction be set aside.